SEYFARTH SHAW LLP
Jennifer R. Brooks (SBN 14480)
jrbrooks@seyfarth.com
700 Milam Street, Suite 1400
Houston, Texas 77002-2812
Telephone:    (713) 225-2300
Facsimile:    (713) 225-2340

CLARK HILL PLLC
Gia N. Marina (SBN 15276)
gmarina@clarkhill.com
1700 South Pavilion Center Drive, Suite 500
Las Vegas, Nevada 89135
Telephone:    (702) 862-8300
Facsimile:    (702) 778-9709

*Attorneys for Defendants*
*Nevada CVS Pharmacy, L.L.C. and*
*Longs Drug Stores California, L.L.C.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JENNIFER LEE MULLIN AND CHARLES JOSEPH THOMPSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LONGS DRUG STORES CALIFORNIA, L.L.C. AND NEVADA CVS PHARMACY, L.L.C.,<br><br>Defendants. | Case No. 2:24-cv-02187<br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants Long Drug Stores California, L.L.C. ("Longs") and Nevada CVS Pharmacy, L.L.C. ("Nevada CVS"), by their attorneys and pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, remove this case from the District Court of Clark County, Nevada to the U.S. District Court for the District of Nevada. In support of their Notice of Removal, Defendants state as follows:

## BACKGROUND

1. On October 18, 2024, Plaintiffs Jennifer Lee Mullin and Charles Joseph Thompson commenced a civil action against Defendants by filing a Complaint in the District Court of Clark County, Nevada, entitled *Jennifer Lee Mullin and Charles Joseph Thompson, on behalf of themselves and all others similarly situated v. Longs Drug Stores California, L.L.C. and Nevada CVS Pharmacy, L.L.C.,* Case No. A-24-904193-C ("Complaint").

2. The Complaint asserts causes of action against the Defendants for: (1) "Failure to Pay Overtime in Violation of NRS 608.018"; (2) "Failure to Pay Wages for Each Hour Worked in Violation of NRS 608.016"; (3) "Failure to Timely Pay All Wages Due at Termination in Violation of NRS 608.020 et seq."; and (4) "Failure to Pay Overtime in Violation of the FLSA, 29 U.S.C. § 207." Plaintiffs seek relief in the form of "unpaid wages and overtime, liquidated damages, attorneys' fees, costs, and interest." (Compl. ¶ 1.)

3. On October 29, 2024, Defendants' counsel executed a waiver of service of the Complaint. True and correct copies of Plaintiffs' Class Action Complaint and the Waiver of Service are attached as **Exhibits 1 and 2** respectively. Defendants have not been served with any other case documents.

## TIMELINESS OF REMOVAL

4. This Notice of Removal is timely because Defendants have filed this Notice of Removal within thirty days of the time they waived service, and within one year of the commencement of this action. *See* 28 U.S.C. § 1446(b); *Mayes v. Am. Hallmark Ins. Co. of Tex.*, 114 F.4th 1077, 1078 (9th Cir. 2024) (specifying that 30-day removal period "generally starts to run when the defendant receives a copy of the initial pleading, which is typically a complaint").

# THIS CASE IS REMOVABLE BASED UPON FEDERAL QUESTION JURISDICTION

**A.   This Court Has Federal Question Jurisdiction Based on Claims Arising Under the Fair Labor Standards Act.**

5.   Plaintiffs' Complaint presents an original federal question under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, which independently confers this Court with original jurisdiction over this action. (Compl. ¶ 1.)

6.   A case presents a "federal question" and provides grounds for removal if a claim "aris[es] under the Constitution, laws, or treaties of the United States." *Sullivan v. First Affiliated Secs., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (quoting 28 U.S.C. § 1331) (internal quotation marks omitted). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

7.   Plaintiffs' fourth Cause of Action alleges that Defendants committed a "willful violation of the FLSA" in failing to pay "one and one-half times the applicable regular rate of pay for all hours worked over 40 by Plaintiffs and Collective Members in any given workweek." (Compl. ¶ 130.) Because the FLSA is a federal law, this Court has original federal jurisdiction over this action.

8.   Moreover, because only a single claim is needed for original jurisdiction, the FLSA claim is sufficient for this Court to have jurisdiction over the entire civil action. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005) ("If the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a 'civil action' within the meaning of § 1367(a), even if the civil action over which it has jurisdiction comprises fewer claims than were included in the complaint."). Because of the FLSA claim, Plaintiffs' Complaint explicitly presents a federal question over which this Court has original jurisdiction, and thus serves as basis for removal of the entire civil action.

**B.      This Court Has Supplemental Jurisdiction over Plaintiffs' State Law Claims.**

9. Moreover, this Court has supplemental jurisdiction over Causes of Action I, II, and III of the Complaint pursuant to 28 U.S.C. § 1367 because the claims in those counts are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

10. Specifically, Plaintiffs' claims under Nevada law arise from, relate to, and emanate from the same employment relationship between Plaintiffs and Defendants that is the subject of the federal question claims, and raise the same issues as to whether Plaintiffs were properly compensated for all hours worked, including overtime, and timely paid all wages owed during employment and upon separation of employment. In fact, the factual bases for each Cause of Action are alleged by Plaintiffs to be so closely connected that they all expressly "incorporate[] and reallege[] all paragraphs above" them in the Complaint, with the FLSA Cause of Action presenting the final set of claims incorporating all paragraphs stated and incorporated into the state law Cause of Action. (Compl. ¶¶ 107, 114, 121, 128.)

11. Therefore, the Nevada and federal claims are so related that they form part of the same case or controversy, and this Court has supplemental jurisdiction over Plaintiffs' claims under Nevada law pursuant to 28 U.S.C. § 1367(a). *See Geanta v. Compass Health, Inc.*, 673 F. App'x 768, 769 (9th Cir. 2017) (reversing dismissal of state law claims on grounds that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

## VENUE AND NOTICE TO STATE COURT

12. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because this action is pending in the District Court of Clark County, Nevada, venue, for purposes of removal, is proper in this Court pursuant to 28 U.S.C. §§ 1441 and

1446(a). Defendants, therefore, remove this action to the U.S. District Court for the District of Nevada.

13. Promptly upon the filing of this Notice of Removal, Defendants will file a Notice of Filing of Removal to Federal Court, together with a copy of the Notice of Removal, with the District Court of Clark County, Nevada, and will serve a copy thereof on Plaintiffs through counsel, pursuant to 28 U.S.C. 1446(d). A copy of this Notice (without exhibits) is attached hereto as **Exhibit 3**.

## CONCLUSION

14. Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs, without conceding that Plaintiffs have pleaded claims upon which relief can be granted, and without admitting that Plaintiffs are entitled to any monetary or equitable relief whatsoever (or that the damages Plaintiffs seek may be properly sought). Defendants specifically note that they are not waiving their right to compel each individual Plaintiff to individual arbitration pursuant to the terms of their binding arbitration agreements, or to enforce the binding class and collective action waivers into which each Plaintiff entered. Indeed, Defendants intend to file an appropriate motion to compel promptly after removal.

15. Should Plaintiffs seek to remand this case to state court, Defendants respectfully ask that they be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Defendants ask that the Court retain jurisdiction and allow Defendants to file a motion asking this Court to certify any remand order for interlocutory review by the Ninth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

16. Based on the foregoing, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367, due to Plaintiff's FLSA claims. Therefore, the Court properly may exercise jurisdiction over this lawsuit. *See* 28 U.S.C. § 1441.

WHEREFORE, Defendants submit that this action properly is removable based on original federal question jurisdiction and respectfully requests that the above-described action pending against it be removed to the U.S. District Court for the District of Nevada. Defendants also request all other relief, at law or in equity, to which it justly is entitled.

DATED: November 22, 2024                         Respectfully submitted,


                                                 By: */s/ Gia N. Marina*

                                                     Gia N. Marina (SBN 15276)
                                                     CLARK HILL PLLC
                                                     gmarina@clarkhill.com
                                                     1700 South Pavilion Center Drive
                                                     Suite 500
                                                     Las Vegas, Nevada 89135
                                                     Telephone:    (702) 862-8300
                                                     Facsimile:    (702) 778-9709

                                                     Jennifer R. Brooks
                                                     SEYFARTH SHAW LLP
                                                     700 Milam St., Suite 1400
                                                     Houston, TX 77002-2812
                                                     Telephone: (713) 225-2300
                                                     Facsimile: (713) 225-2340
                                                     Email: jrbrooks@seyfarth.com

                                                     *Attorneys for Defendants*
                                                     *Nevada CVS Pharmacy, L.L.C. and Longs*
                                                     *Drug Stores California, L.L.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2024, I presented the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. A copy has also been sent via U.S. Mail to the following:

Rachel Mariner, Esq.
Jason Kuller, Esq.
RAFII & ASSOCIATES, P.C.
Attorneys for Plaintiff
rachel@rafiilaw.com
jason@rafiilaw.com
1120 N. Town Center Dr., Suite 130
Las Vegas, NV  89128

*/s/ Nicholas DiMattei*
Nicholas DiMattei
*An Employee of CLARK HILL PLLC*

DEFENDANTS' NOTICE OF REMOVAL